IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RDS ENTERPRISES II, LP, d/b/a MCLAREN PHILADEPHIA, ET AL. | : | CIVIL ACTION |
| v. | : : : | |
| CAMERON INGRAM, ET AL. | : | NO.  25-5478 |

## MEMORANDUM

**Padova, J.**                                                                                                                   February 25, 2026

Plaintiffs RDS Enterprises II, LP d/b/a McClaren Philadelphia ("RDS") and Peter Brotman commenced this action against Defendants Road Scholars Restorations, LLC ("Road Scholars") and Cameron Ingram, alleging that Road Scholars breached an agreement concerning the purchase and sale of collectible automobiles by failing to bear its share of certain losses associated with unsold vehicles.[1] Defendants have moved to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

## I. BACKGROUND

The Amended Complaint alleges that, in late 2022, RDS and Brotman entered into an oral agreement with Road Scholars, acting through Ingram, that "relat[ed] to the acquisition, inspection, valuation, and sale of a portfolio of racing vehicles" ("the Agreement"). (Am. Compl. ¶¶ 5, 7-8.) In accordance with the Agreement, Ingram and other Road Scholars employees and/or representatives were to provide "certain subject matter expertise regarding the acquisition, inspection, valuation and sale" of a portfolio of race cars (the "Portfolio"). (Id. ¶¶ 7-8.) The Agreement provided that RDS, Road Scholars, and Brotman would each receive a one-third share

---

[1] Plaintiffs initially commenced this action in the Court of Common Pleas of Delaware County.  On September 23, 2025, Defendants removed the action to this Court on the basis of diversity jurisdiction.

of the profits "associated with the sale of the . . . Portfolio" and would also share equally in any losses "associated with same." (Id. ¶ 9.) Plaintiffs have since made "commercially reasonable efforts" to sell the vehicles in the Portfolio but have been unsuccessful in securing favorable purchase prices for and selling multiple vehicles. (Id. ¶¶ 10-11.) The Amended Complaint posits that Plaintiffs' inability to obtain favorable purchase prices is due to either "market and interest rate fluctuations or the poor valuation advice provided by Defendants." (Id. ¶ 11.) As a result of their inability to sell multiple vehicles that remain in the Portfolio, Plaintiffs have sustained unspecified losses that they "are substantially certain will total or exceed $1,519,444.19." (Id.) Plaintiffs have demanded that Defendants pay them one-third of those "substantially certain" losses, and Defendant have refused. (Id. ¶¶ 11-12.)

The Amended Complaint contains three Counts, each of which seeks to recover from RDS and/or Ingram one-third of the alleged losses for the unsold vehicles.[2] Count I asserts a breach of contract claim against Road Scholars, based on the allegations that there was an oral contract pursuant to which Road Scholars agreed to bear one-third of the "losses associated with the sale of the . . . Portfolio," and that Road Scholars has breached that oral contract by refusing to pay its share of losses for the unsold vehicles. (Id. ¶¶ 16-17.) Count II asserts an unjust enrichment claim against Road Scholars and Ingram, asserting that Road Scholars "received benefits . . . by refusing to contribute its share of the losses associated with the sale of the . . . Portfolio," and that it would be unjust for Road Scholars to retain those benefits. (Id. ¶¶ 21-22.) Count III asserts a promissory estoppel claim against Road Scholars and Ingram, alleging that Road Scholars induced Plaintiffs

---

[2] The Amended Complaint never refers specifically to "unsold vehicles." However, in each Count of the Amended Complaint, Plaintiffs seek "money damages in an amount of one-third of the total losses (estimated to total or exceed $1,519,444.19)" (Am. Compl. at 4-5), which is alleged to be the loss amount that Plaintiffs sustained due to their "inability to secure a favorable purchase price for the vehicles remaining in the . . . Portfolio" (id. ¶ 11), i.e., unsold vehicles.

to acquire the Portfolio by agreeing to share equally in both the profits and the losses, that Plaintiffs reasonably relied on Road Scholars' promises in that regard, and that injustice will result if the promises are not enforced. (Id. ¶¶ 25-28.)

## II.      LEGAL STANDARD

When deciding a motion to dismiss pursuant to Rule 12(b)(6), we "consider only the complaint, exhibits attached to the complaint, [and] matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon [those] documents." Alpizar-Fallas v. Favero, 908 F.3d 910, 914 (3d Cir. 2018) (quoting Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010)). "A complaint is properly dismissed for failing to state a claim 'if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that [the] plaintiff's claims lack facial plausibility.'" Talley v. Pillai, 116 F.4th 200, 206 (3d Cir. 2024) (alteration in original) (quoting Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011)). "[W]e need not 'accept as true a legal conclusion couched as a factual allegation.'" Host Int'l, Inc. v. MarketPlace, PHL, LLC, 32 F.4th 242, 248 (3d Cir. 2022) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)) (citation omitted).

The complaint must allege "'sufficient factual matter to show that the claim is facially plausible,' thus enabling 'the court to draw the reasonable inference that the defendant is liable for [the] misconduct alleged.'" Warren Gen. Hosp., 643 F.3d at 84 (quoting Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). A complaint fails to allege a facially plausible claim if the factual allegations in the complaint are not sufficient "to raise a right to relief above the speculative level."

3

Geness v. Admin. Off. of Pa. Cts., 974 F.3d 263, 269 (3d Cir. 2020) (quoting Twombly, 550 U.S. at 555).

## III. DISCUSSION

### A. Breach of Contract

Under Pennsylvania law, which the parties agree applies here, a party asserting a breach of contract must allege "(1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract, and (3) resultant damages." Kaymark v. Bank of Am., N.A., 783 F.3d 168, 182 (3d Cir. 2015) (quoting Omicron Sys., Inc. v. Weiner, 860 A.2d 554, 564 (Pa. Super. Ct. 2004)), abrogated in part on other grounds by Obduskey v. McCarthy & Holthus LLP, 586 U.S. 466 (2019). When pleading a breach of contract claim, a plaintiff must plead contractual terms that are "sufficiently definite to be specifically enforced." Atl. States Ins. Co. v. Copart, Inc., 609 F. Supp. 3d 379, 389 (E.D. Pa. 2022) (quotation omitted); see also Dahar v. Grzandziel, 599 A.2d 217, 220 (Pa. Super. Ct. 1991) (stating that "to create an enforceable contract, the parties must set out the terms of the agreement with sufficient specificity" (citations omitted)). Here, Defendants argue that Plaintiffs fail to allege a cognizable breach of contract claim because the Amended Complaint fails to adequately plead any of the three necessary elements.

The Amended Complaint alleges that the contracting parties "agreed that they would each receive a one-third share of the profits **associated with the sale** of the Vehicle Portfolio, and also equally bear any losses **associated with the same**." (Am. Compl. ¶ 9 (emphases added).) It does not allege that the contracting parties reached any agreement regarding the bearing of losses for vehicles that were not sold, much less an agreement as to how and when to calculate and quantify

4

any such indeterminate losses if indeed they were meant to be covered.[3]  Thus, even reading the Amended Complaint in a light most favorable to Plaintiffs, we cannot draw a reasonable inference that Road Scholars breached the purported oral agreement by failing to pay Plaintiffs for unspecified types of losses associated with Plaintiffs' failure to sell certain vehicles in the Portfolio.  See Warren Gen. Hosp., 643 F.3d at 84 (requiring the plaintiff to allege "sufficient factual matter to . . . enable[] the court to draw the reasonable inference that the defendant is liable for [the] misconduct alleged" (quotation omitted)).  Indeed, the narrow and vague agreement alleged in the Amended Complaint simply does not raise a reasonable inference that the parties reached an agreement regarding loss-sharing in connection with unsold vehicles, such that Defendants' alleged failure to pay such losses plausibly constituted a breach of the agreement.  In the absence of plausible allegations of a breach, we dismiss the breach of contract claim for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).

---

[3] As the Defendants rightly point out, the Amended Complaint lacks factual allegations regarding numerous aspects of the alleged agreement.  For example, it includes no factual allegations regarding:
> (i) whether the shared profits and losses were consideration for the "certain subject matter expertise regarding the acquisition, inspection, valuation, and sale of the Vehicle Portfolio," (ii) the deadline by which the sale of all vehicles in the . . . Portfolio was to occur; (iii) when profits or losses were to be distributed or assessed; . . . (iv) how losses were to be calculated for any sale of vehicles[;] . . . and [v] what party to the Agreement (if any) . . . purchased the . . . Portfolio, . . . held (or holds) title to the vehicles, or . . . suffered the alleged losses described in the complaint.

(Defs.' Mem. at 4.)  This lack of specificity makes it impossible to grasp the contours of the parties' agreement as a whole.  Indeed, while the Amended Complaint suggests that Plaintiffs purchased the cars in the Portfolio in reliance on Defendants' advice, it never actually alleges that Defendants provided Plaintiffs with advice, much less that Plaintiffs purchased the Portfolio in reliance on that advice.  It also never alleges that Plaintiffs actually sold any vehicles in the Portfolio and shared the profits with Defendants.

**B. Unjust Enrichment**

Pennsylvania law provides that "[u]njust enrichment is the retention of a benefit conferred by another, without offering compensation, in circumstances where compensation is reasonably expected, and for which the beneficiary must make restitution." Roethlein v. Portnoff Law Assocs., Ltd., 81 A.3d 816, 825 n.8 (Pa. 2013) (citing American & Foreign Ins. Co. v. Jerry's Sport Ctr., Inc., 2 A.3d 526, 532 n.7 (Pa. 2010)). To state a claim for unjust enrichment under Pennsylvania law, a plaintiff must allege that "1) the plaintiff conferred benefits on the defendant, 2) the defendant appreciated such benefits, and 3) the benefits were accepted and retained under such circumstances that it would be inequitable for the defendant to retain the benefit without payment of value." Berardi v. USAA Gen. Indem. Co., 606 F. Supp. 3d 158, 163 (E.D. Pa. 2022) (citing Mitchell v. Moore, 729 A.2d 1200, 1203 (Pa. Super. Ct. 1999)), aff'd, No. 22-2231, 2023 WL 4418219 (3d Cir. July 10, 2023). "An action based on unjust enrichment is an action which sounds in quasi-contract or contract implied in law." Robins v. Robins, 338 A.3d 184, 189 (Pa. Super. Ct. 2025) (quoting Am. & Foreign Ins. Co. v. Jerry's Sport Ctr., 2 A.3d 526, 531 n.7 (Pa. 2010)).

Defendants argue that the Amended Complaint does not plausibly allege an unjust enrichment claim because it does not contain allegations that support reasonable conclusions that Plaintiffs conferred a benefit on Defendants, that Defendants appreciated or understood that they had received a benefit, and that it was unjust for Defendants to retain their own funds where there was no agreement for Defendants to turn them over to Plaintiffs. Indeed, the Amended Complaint alleges only that "Road Scholars has received benefits conferred upon it by refusing to contribute its share of the losses associated with the sale of the . . . Portfolio" (Am. Compl. ¶ 20), without alleging that Plaintiffs themselves conferred that benefit on Road Scholars as is required to satisfy the first element of an unjust enrichment claim. See, e.g., Expotech Eng'g, Inc. v. Cardone Indus.,

Inc., Civ. A. No. 19-1673, 2020 WL 1694543, at *9 (E.D. Pa. Apr. 7, 2020) ("To have a claim for unjust enrichment, [the plaintiff] must show that it conferred a benefit on [the defendant].") Moreover, while the Amended Complaint alleges that Road Scholars retained the purported benefit (see Am. Compl. ¶ 21), it does not allege facts that support a reasonable inference that Defendants understood their retention of their own money to be a benefit under the circumstances presented, i.e., where the Amended Complaint fails to plausibly allege that Defendants agreed to share the claimed losses associated with unsold vehicles. And finally, the Amended Complaint fails to support a reasonable inference that it would be inequitable for Defendants to retain their own money rather than pay it to Plaintiffs, because it fails to plausibly allege that Defendants had a legal obligation to pay the alleged losses or that they actually received anything of value in return for bearing such losses.

For all of these reasons, we conclude that the Amended Complaint fails to state an unjust enrichment claim against Defendants upon which relief can be granted, and we dismiss the unjust enrichment claim on that basis.

### C. Promissory Estoppel

Under Pennsylvania law, a plaintiff asserting a claim of promissory estoppel must allege that "(1) the defendant made a promise that he should have reasonably expected to induce the plaintiff to act or refrain from acting, (2) the plaintiff actually relied on the promise and either took, or refrained from taking, action, and (3) enforcing the promise is the only way to avoid injustice." Bennett v. Itochu Int'l, Inc., Civ. A. Nos. 09-1819, 09-4123, 2012 WL 3627404, at *20 (E.D. Pa. Aug. 23, 2012) (citing Crouse v. Cyclops Indus., 745 A.2d 606, 610 (Pa. 2000); Burton Imaging Grp. v. Toys "R" Us, Inc., 502 F. Supp. 2d 434, 438-39 (E.D. Pa. 2007)). A promise that could reasonably be expected to induce action or forbearance can be either express or implied.

Dansko Holdings, Inc. v. Benefit Tr. Co., 991 F.3d 494, 499-500 (3d Cir. 2021).  However, in either instance, the promise must be clear.  KSM Assocs., Inc. v. ACS State Healthcare, LLC, Civ. A. No. 05-4118, 2006 WL 1308267, at *2 (E.D. Pa. May 10, 2006) ("[I]n order to qualify as an express promise, '[t]he promise must be certain and explicit enough so that the full intention of the parties may be ascertained to a reasonable certainty.'" (quoting Ankerstjerne v. Schlumberger Ltd., Civ. A. No. 03-3607, 2004 WL 1068806, at *5 (E.D. Pa. May 12, 2004)); C&K Petroleum Prods., Inc. v. Equibank, 839 F.2d 188, 192 (3d Cir. 1988) (explaining that promissory estoppel cannot be grounded on "the alleged existence of . . . a broad and vague implied promise" (citation omitted)).  "This is so because it is not reasonable to rely on an unclear promise." Calderwood v. Rinsch, Civ. A. No. 22-2847, 2022 WL 17251755, at *4  (E.D. Pa. Nov. 28, 2022) (citing KSM Assocs., 2006 WL 1308267, at *2).

Here, the Amended Complaint alleges in the promissory estoppel Count that "[t]o induce Plaintiffs to agree to acquire the . . . Portfolio, Road Scholars promised to share equally in both the profits and the losses, and therefore to equally bear the risk if the acquisition proved financially unsuccessful." (Am Compl. ¶ 25.)  It further alleges that "Plaintiffs reasonably relied upon Road Scholars' promises when they acquired the . . . Portfolio and undertook substantial efforts to market and sell the vehicles."  (Id. ¶ 26.)  And, finally, it alleges that Road Scholars "reneged on its promises to equally bear in the losses associated with the sale of the . . . Portfolio" (id. ¶ 27), and that "injustice will result if [the] promises are not enforced" by requiring Defendants to pay one-third of the purported losses for vehicles not yet sold (id. ¶ 28; see also id. ¶¶ 10-12)).

Defendants argue that these allegations are little more than "a formulaic recitation of the elements of" a promissory estoppel claim.  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).  They specifically contend that the Amended Complaint fails to "adequately allege a factual

8

basis to support Plaintiff's conclusory allegation that any reliance on a purported promise to share in losses from the sale of a Vehicle Portfolio from a party that would not hold title to the vehicles was reasonable." (RDS Mem. at 12 (citing Am. Compl. ¶ 25).)  They further argue that Plaintiffs' threadbare recital of the third element of the cause of action, i.e., that "[i]njustice would result if [the] promises were not enforced," is inadequate.  (Am. Compl. ¶ 28.)

Reading the Amended Complaint in the light most favorable to Plaintiff, we conclude that it plausibly alleges that Plaintiffs and Road Scholars entered into an agreement whereby Plaintiffs would acquire a portfolio of racecars and Road Scholars would share in one-third of the profits earned when vehicles were sold but also promised to bear one-third of any losses from such sales.  (See id. ¶¶ 7, 9, 25.)  The Amended Complaint also plausibly alleges that Plaintiffs reasonably relied on Road Scholars' promise to bear one-third of any losses incurred when vehicles were sold, because that promise undoubtedly mitigated Plaintiffs' risks in acquiring the vehicles.  (Id. ¶ 26.)  The promissory estoppel claim nevertheless fails on the third element of the claim, in which Plaintiffs allege that that it would be unjust not to enforce the promise by requiring Defendants to pay one-third of the $1,519,444.19 in alleged losses associated with vehicles "remaining in the portfolio." (Am. Compl. at 5 and ¶ 11.)  Because there are no allegations that support a reasonable inference that Road Scholars promised, much less clearly promised, to bear wholly undefined losses associated with unsold vehicles, the Amended Complaint does not plausibly allege that it would be unjust for Defendants not to pay such losses.

In sum, the Amended Complaint seeks to enforce a promise that is not plausibly alleged to be part of the parties' agreement and, thus, it does not plausibly allege that injustice will result if we do not enforce that purported promise.  We therefore conclude that the Amended Complaint

fails to state a promissory estoppel claim upon which relief can be granted, and we dismiss the promissory estoppel claim on that basis pursuant to Rule 12(b)(6).

## IV.   CONCLUSION

For the foregoing reasons, we grant Defendants' Motion to Dismiss and dismiss the Amended Complaint in its entirety.[4]  An appropriate Order follows.

BY THE COURT:

/s/ John R. Padova, J.

---

John R. Padova, J.

---

[4] Plaintiffs have not requested leave to amend.  Moreover, we note that, by Plaintiffs' own account, their Amended Complaint was already an attempt to address Defendants' arguments for dismissal.  (See Oct. 14, 2025 Ltr. from Pls.' counsel to Ct., Docket No. 13 (stating that the Amended Complaint was the result of discussions with defense counsel "in a good faith effort to avoid" a motion to dismiss).)